## McPHERRIN v. RUSSELL *et al.*

Contract: INTERPRETATION: EVIDENCE.

*Appeal from Page District Court.*—HON. H. E. DEEMER, Judge.

ACTION to dissolve a partnership between plaintiff and defendant Russell for the purchase and sale of lands in Kansas and to specifically enforce the conveyance of lands and transfer of contracts which he is required in equity to do. The relief prayed for in the petition was granted by the final decree of the district court. Defendants appeal.

*James McCabe, J. E. Hill* and *Smith McPherson,* for appellant.

*W. W. Morsman,* for appellee.

BECK, J.—I. The plaintiff and defendant Russell, entered into an arrangement for the purchase of school lands situated in Kansas, which, or their proceeds, were to be divided between them. The conditions of the contract and other matters connected with the transaction are not in dispute between the parties, except that defendant claims that the contract and arrangement was confined exclusively to school lands in Thomas county, to be bought by the parties, while plaintiff claims that the purchase of lands should be made anywhere in northwestern Kansas. The parties by agreement fixed the conditions of a decree dividing the lands in case plaintiff is successful in the action.

II. The sole question for our determination is one of fact, involving the locality of the land intended to be covered by the contract between the parties, which was entered into through correspondence. The defendant wrote to plaintiff soliciting the loan of money which he desired to invest in school lands in Kansas. Plaintiff afterwards wrote to defendant proposing to furnish the money to be invested on the joint

account of the parties. No counties were named in which the lands are situated which were to be bought. Plaintiff's proposition was accepted by letter or telegram, and the money was sent by him to defendant. The counsel of the defendant argue that the letters embodying the contract are to be so interpreted that they prescribe for the purchase of land in Thomas county, while plaintiff's counsel insist that under a proper interpretation the letters are to be understood as referring to school lands in northwestern Kansas.

The fact is that the letters fail to specify in what locality the lands to be bought shall be situated. In the correspondence between the parties quite a number of counties are mentioned as having school lands. It is probable that plaintiff most frequently mentions Thomas county. But it cannot be claimed that, by the language of the letters, the lands to be bought are restricted to any county. And we think that there is nothing appearing in the letters or in other evidence before us requiring such an interpretation to be put upon the contract. The evidence of the parties as to facts intended to bear upon the question of interpretation is conflicting. As the letters do not fix the locality of the lands to be purchased, the burden rests upon defendant to show that, in accord with his claim, they were to be selected in Thomas county. Unless it be so shown the contract will be held to apply to lands without regard to the county in which they are located.

We find that the contract between the parties does not prescribe that the lands to be bought by defendant shall be in Thomas county, and that an interpretation to that effect cannot be put upon the letters passing between the parties. We cannot be expected to recite the evidence and enter upon a discussion thereof, in order to support this conclusion. It would occupy time and space in the reports, without profit to the parties or profession. No other questions demand consideration. The judgment of the district court is

AFFIRMED.